UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSH DONLEY,

        Plaintiff,

   v.

SUSAN BRAIN, CATHY DANIEL,
and THOMAS COOPER,

        Defendants.

NO. CV-10-5043-CI

**ORDER MODIFYING AND ADOPTING IN PART REPORT AND RECOMMENDATION, ENTERING JUDGMENT IN DEFENDANTS' FAVOR, AND CLOSING FILE**

     On June 10, 2011, Magistrate Judge Imbrogno filed a Report and Recommendation, recommending that the Court determine that Plaintiff Josh Donley failed to present sufficient evidence to survive summary judgment on his Eighth-Amendment medical-mistreatment claim under 42 U.S.C. § 1983.  ECF No. 97.  After reviewing the underlying motions and related filings, the Report and Recommendation, Plaintiff's objections and Defendants' responses thereto, and relevant legal authority, the Court is fully informed.  Although the Court modifies the magistrate judge's factual findings, the Court adopts the magistrate judge's ultimate recommended resolution of this case: entry of judgment in Defendants' favor.[1]

---

    [1]  Neither party objected to the magistrate judge's denial of Defendants' motions to dismiss for failure to comply with scheduling order and discovery requirements.  The Court adopts the magistrate

ORDER - 1

First, neither party objected to the legal standard applied by the magistrate judge, and the Court adopts the recommended legal standard for an Eighth Amendment medical-mistreatment claim. *See also Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006).

Second, Plaintiff objects to several factual findings made by the magistrate judge, ECF No. 103, and contends that, as a result of these erroneous factual findings, the magistrate judge's ultimate finding of insufficient evidence of deliberate indifference was erroneous. The Court agrees with the magistrate judge's final conclusion that Plaintiff has failed to establish that Defendants were deliberately indifferent to his serious medical need. However, the Court modifies the recommended factual findings, ECF No. 97 at 4-8, for purposes of ensuring that the record is complete if the case is appealed, as follows:

> 7. Treatment for Plaintiff's localized infected abscess was available at the jail. Initially, Dr. Cooper determined hospitalization was not necessary for treatment of the wound because Plaintiff had no symptoms or fever to indicate his infection had spread beyond the knee. ECF No. 59 at 2-3, 6-8; ECF No. 70 at 29. Plaintiff was seen daily for wound cleaning and dressing by medical staff; he was seen once or twice weekly by Defendants Brain or Cooper. ECF No. 58 at 3; ECF No. 59 at 2-3.

> 11. On October 15, 2009, Plaintiff refused to travel to the hospital for an MRI because the leg restraints made

judge's proposed denial of these dismissal motions, ECF Nos. 45 & 52.

ORDER - 2

it difficult for him to walk.  On October 21, and 22, 2009, he refused to shower, have his dressing changed, or take his oral antibiotics because they upset his stomach. Daily wound care was thereafter continued; anti-nausea medicine was given to counteract the nausea side effect; and then later the oral antibiotic prescription was changed.  ECF No. 58 at 4-5; ECF No. 59 at 4-5; ECF No. 103-1 Ex. D.

12.  Following his initial refusal on October 15, 2009, Plaintiff agreed to go for an MRI.  And on November 16, 2009, Plaintiff was transported (without leg restraints) to a medical facility for an MRI.  The MRI imaging showed osteomyelitits (chronic bone infection) with surrounding edema and no suggestion of an abscess. ECF No. 59 at 4; ECF No. 70 at 29; ECF No. 103-1 at 4.

15a. On November 28, 2009, Plaintiff was housed in medical isolation.  ECF No. 103-1 Ex. B.

15b. At the request of the orthopedic surgeon, Plaintiff was seen by an infectious disease specialist on December 15, 2009.  The infectious disease specialist ordered six weeks of treatment with IV antibiotics, which was to be intravenously administered at the jail through a PICC line.  The infectious disease specialist recommended follow-up every two to three weeks.  ECF No. 58 at 6; ECF No. 103-1.

15c. On January 8, 2010, Plaintiff advised jail staff that he needed to see medical immediately.  Plaintiff was brought to medical where it was discovered that his PICC

1  line was partially dislodged.  The PICC line was removed
2  and dressing placed over the PICC site.  Dr. Cooper was
3  notified that the PICC line was removed, and he advised
4  staff to discontinue the intravenous IV antibiotic
5  treatment.  ECF No. 90-1 at 67.

6      15d.  On February 18, 2010, Plaintiff was seen by the
7  infectious disease specialist.  The infectious disease
8  specialist was frustrated that the PICC line had been
9  removed before the six-week treatment was complete and
10 that Plaintiff had not been brought to see him sooner.  He
11 ordered that a new six-week course of intravenous IV
12 antibiotic treatment be restarted.  He also recommendeded
13 that Plaintiff be seen by the orthopedic surgeon again.
14 ECF No. 103-1 Ex. H.

15     16.  Defendants Brain and Cooper oversaw Plaintiff's
16 medical treatment at the jail and discussed his care with
17 the infectious disease specialist.  ECF No. 58 at 6; ECF
18 No. 59 at 6.

19     17.  REMOVED

20 Notwithstanding the above modifications to the proposed
21 findings of fact and viewing all facts in Plaintiff's favor, the
22 Court concludes summary judgment in Defendants' favor is
23 appropriate.  Although there is a genuine issue of material fact as
24 to whether Defendants' failure to take quicker steps to ensure that
25 the six-week course of intravenous IV antibiotic treatment was
26 resumed after the PICC line was removed was negligent, the Court
27 concludes that no reasonable juror would find that this delay
28 constituted deliberate indifference to Plaintiff's serious medical

1  need.   There is no evidence that Plaintiff requested that the
2  intravenous IV antibiotic treatment be resumed before February 18,
3  2010, or that he requested to be seen by the infectious disease
4  specialist.  *Cf. Jett*, 439 F.3d at 1096-97 (highlighting evidence
5  that doctor knew of and ignored inmate's request to receive
6  aftercare for his fractured thumb).   In addition, the undisputed
7  evidence reflects that Plaintiff's own behavior during the fall of
8  2011 likely caused his condition to worsen, thereby making the
9  intravenous IV antibiotic treatment necessary.
10         Accordingly, **IT IS HEREBY ORDERED:**
11         1.    The Report and Recommendation, **ECF No. 97**, is **MODIFIED AND**
12  **ADOPTED IN PART.**
13         2.    Defendants' Motions to Dismiss, **ECF Nos. 45 & 52**, are
14  **DENIED.**
15         3.    Defendants' Motions for Summary Judgment, **ECF Nos. 47 &**
16  **53**, are **GRANTED.**
17         3.    Judgment is entered in Defendants' favor **with prejudice.**
18         4.    All pending hearings and deadlines are **STRICKEN.**
19         5.    This file shall be **CLOSED.**
20         **IT IS SO ORDERED.**   The District Court Executive shall forward
21  a copy of this order to Plaintiff, counsel, and Magistrate Judge
22  Imbrogno.
23         **DATED** this__26th_____ day of August 2011.
24
25
                             S/ Edward F. Shea
26  _____
                           EDWARD F. SHEA
                    UNITED STATES DISTRICT JUDGE
27
    Q:\Civil\2010\5043.adopt.R.R.lc1.wpd
28

ORDER - 5